HEATHER REECE
P.O BOX 2237
Coeburn, VA 24230
276-207-0805
Reatherhd@gmail.com

CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
JUN 09 2023
LAURA A. AUSTIN, CLERK
BY: _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF THE STATE OF VIRGINIA

**HEATHER REECE,**

Plaintiff,

vs.

**EVERHOME MORTGAGE,**

**PARAMOUNT EQUITY MORTGAGE, LLC**

**LAWYERS TITLE REALITY SERVICES INC.,**

**LAWYERS TITLE REALITY SERVICES LLC.,**

**TIMIOS INC.,**

**MERS,**

**FANNIE MAE/FREDDIE MAC, ELLIE MAE, INC.,**

**WAY 2 GO CARD SERVICES COMERICA BANK**

Defendant(s),

Case No.: 2:23CV18

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

1. Parties to the complaint

   A. The Plaintiff, Heather Reece, is a resident of the town of Coeburn, in the county of Wise, and the state of Virginia.

2. A. The Defendant 1, EVERHOME MORTGAGE COMPANY, a business entity, incorporated under the laws of Florida having a common place of business at 301 W. Bay Street, Jacksonville

   B. The Defendant 2, Paramount Equity Mortgage, LLC, a business entity incorporated under the laws of the state of California, having a common place of business located at 8781 Sierra College Boulevard Roseville, CA 95661.

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 1

C. The Defendant 4, Lawyer's Title Realty Services Inc., is incorporated under the laws of the state of Virginia and has a common place of business listed at 5716 Corsa Ave, Ste 102, Westlake village, CA 91362 and a second listed address at 7130 Glen Forest Drive, Ste 403, Richmond VA 23226.

D. The Defendant 5, The Lawyer's Title Reality Services Inc., is incorporated under the laws of the state of Virginia and has a common place of business located at 7130 Glen Forest Drive, Ste 403, Richmond, VA 23226.

E. The Defendant 6, Timios, Inc., a business entity incorporated under the laws of the state of Pennsylvania, having a common place of business located at 4955 Steubenville Pike, Suite 305 Pittsburg, PA 15205.

F. The Defendant 7, MERS, is a business entity and is organized and existing under the laws of Delaware, and has a common place of business and address listed as, P.O. Box 2026, Flint, MI 48501-2026

G. The Defendant 8, Fannie Mae/Freddie Mac, Ellie Mae, Inc., is a business entity, and is incorporated under the laws of the state of Virginia, having a common place of business located at 8200 Jones Branch Drive McLean, VA 22102-3110.

H. The defendant 9, the Go card program, is incorporated under the laws of the state of Texas and has a common place of business and listed address as P.O. Box 2459987 San Antonio, Texas 78224-5998.

3, JURISDICTION is proper, as this case does arise and involves diversity of citizenship of the parties. Under 28 U.S.C. 1331, and as the defendants, and the representatives of the defendants, do business inside the commonwealth of the state of Virginia, with a common place of business entities of another state.

3. 18 U.S.C.-1014, makes it a federal offense to falsify mortgage and financial loan documentation, and as the new evidence discovered of these thefts, false documentation and wire and mortgage fraud amounts of $596, stolen of the joint account of the plaintiff,

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 2

and the joint debtor in related legal matters of the Unites States Courts, as the 18 U.S.C.-1344, as the related matters of the complaints within the matters of the mortgage fraud case of these claims, were of the accounts held within the division of child support enforcement offices of the commonwealth of Virginia and the theft of the welfare benefits and as these transfers were made and held within the cases of the child support enforcement to conceal the identity of the parties in these legal matters, and of these, one count has been convicted as the honorable James Jones of the United States District Court of the Abingdon Division of the commonwealth of Virginia in 1:13:14 cr, Tony Michael Hutchinson, and of these related thefts that originally began on or about January 1st, 1999, and then commenced for the approximate time frame of thirty four months, as the second occurrence did commence and remain within these three to four related cases of the child support division of the commonwealth of Virginia, and as the new evidence was discovered by the plaintiff, that on or about April 1st, 2013 through May 31st, 2013, whereby these illegal transfer of the funds did occur, as these are the related legal matters of the Unites States courts and the mortgage fraud and tax evasion scheme of the parties, as these amounts were charged and assessed against the debit card of the related accounts of the thefts, and as these parties, the joint account holder and the plaintiff no longer used the joint account, as it had remained dormant since the approximate date of the year 2005-2007, and as the debit card was not used by the parties, and should not have been active, as it would have expired, and as these amounts were charged to the Way 2 go card program assessed against the plaintiff, and as the plaintiff did not have any type of child support enforcement issues within any United States Courts, or within any foreign country courts for matters related to the collection of child support from the plaintiff or to be distributed to the plaintiff on these dates, as the plaintiff did not receive any welfare benefits to be accountable for these payments, nor is there a child support order within the courts from the approximate 1997 through 2013 dates of the related legal matters of the mortgage fraud scheme. The Securities and Exchange

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 3

Commission ("Commission") deems it appropriate that public cease-and-desist proceedings be, and hereby are, instituted pursuant to Section 21C of the Securities Exchange Act of 1934 ("Exchange Act"), against Bank of America Corporation ("Respondent" or "Bank of America").

4. On or about January 1st of 2004, the contract between the parties in related matters of the Untied States Court, as the parties entered into contract of the related mortgage, deed and title deed of trust information in related legal matters approximately January 1st, 2004 through July 1st, 2004, as the clear indication of the present mortgage scheme is indicated through the dates of the related loan information, as the date of the credit line deed of trust is January 16, 2004 granted to the parties, joint debtor and the plaintiff, Heather Reece, however the address indicated on this deed of trust is not accurate, however they did receive mail at this address prior to moving into the new build home approximately July 1st, 2004, as the plaintiff and the joint debtor were met at the new construction home by the loan officer and representative of the first mortgage and finance company of the on or about July 1st, 2004 to sign all the related documentation for the loan of the mortgage after the build of the new construction home was completed, as the plaintiff did sign the loan documents of the joint debt, whereby, through the related financial documents and the third party contract of the mortgage and loan financial institutions of the attorney client contract of the parties in the related legal matters of the United States Court, as the incorrect information and description of the property is clearly present as the amount of the loan payoff shows inaccurate amounts, and as the related legal matters of the United States Court of the Western district Virginia Federal Bankruptcy court do clearly indicate the plaintiff as the joint debtor and as the related matters of the family court of the Wise county and the city of Norton court clerk's office and the matters of the circuit court docket do clearly indicate that the VA code 18.2-186.3 against the plaintiff and the two minor children of the plaintiff does suggest the parties of the legal and binding contract and as this violation of the 28 U.S.C with the VA code 18.2-186.3 with the previous conviction of the associates of the parties of wire

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 4

fraud and theft does clearly indicate this violation giving rise to the claims of the plaintiff for the relief of these the requests.

5. As these defendant's are clearly indicated within the current deed and title, deed of trust information, and as the documents are clearly inaccurate, and have remained inaccurate within the land and deed office of Wise county and the city of Norton in the state of Virginia, the plaintiff does make the request of the honorable court with all the honest and good intentions, as the recurring cycle of this tax evasion and mortgage fraud scheme has caused financial and undue damages to the plaintiff, and the plaintiff family, and as the tax records of the defendant's will reflect the inaccurate amounts, these requests are in the best interest of the commonwealth of the state of Virginia to prevent any further damages of these parties to the scheme of the mortgage fraud and tax evasion scheme.

6. The payments made to the Western district of the Big Stone Gap division of the state of Virginia Federal bankruptcy filings and the payments to the attorneys, the fees, interests and penalties falsely assessed against the plaintiff and the family of the plaintiff by the defendants, and the co- conspirators of the tax evasion scheme, who did not protect the rights of the plaintiff, but did further damages, as co-conspirators of the scheme to defraud the United States as the records and pattern of this scheme date back to 1997 in some related incidents, and as the records of the division of child support enforcement do hold additional evidence, as the submission of the new evidence is of the Untied States Courts, whereby the additional approximate amount of four hundred sixty million dollars in thefts has occurred, and of these, four hundred sixty eight thousand and eight-eight dollars is of the estimated damages penalized against the plaintiff and the two minor children of the plaintiff, as one is now an adult in these related matters of the child support enforcement division, as it is estimated as the monetary damages to the tax and other related financial records of the plaintiff, the tax records and the financial records of the two children of the plaintiff, as one is now an adult, as the records would reflect in related matters within the division of child

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 5

support enforcement Abingdon office of the commonwealth of the state of Virginia, as these amounts assessed against the adult child of the plaintiff and these approximate amounts will reflect within the case numbers in the related matters, whereby, the plaintiff does further request the related cases of the division of child support enforcement of the state of Virginia, for injunction and mandamus relief, as these matters are not of the adult child of the plaintiff, and they are not of the plaintiff, as the plaintiff has two children, and has remained with custody of both of the children throughout their lifetime, no child of the plaintiff, nor has a child belonging to the now adult child of the plaintiff has ever been in the care and custody of the county or the state department of social services, whereby these penalties imposed were misrepresented within the related legal matters, as this gives rise to the claims and requests of the plaintiff. No family member of the plaintiff has ever had a child in the care and custody of the department of social services or the care of the state of Virginia, as the misrepresented facts of this case have become of the evidence and the findings of the plaintiff.

7. As these request are not only in the best interest of the plaintiff, and the family of the plaintiff, they are in the best interest of the commonwealth of the state of Virginia, as these related tax evasion and mortgage and wire fraud scheme of these parties, and the extraordinary time frame of the scheme that has caused these damages within the commonwealth of the state of Virginia will come to an end. Giving relief to many within the community as well as the courts and the plaintiff and the family of the plaintiff, as the damages are caused to and by the commonwealth of the state of Virginia.

8. As these related information in the related cases involving the scheme, as this Settlement and Release Agreement ("Agreement") is made as of the 20th day of August, 2014, by, between, and among the following undersigned parties (collectively, "Parties, "and each a "Party"): the Federal Deposit Insurance Corporation ("FDIC") as Receiver for 1st Pacific Bank of California, the FDIC as Receiver for Affinity Bank, the FDIC as Receiver for CF Bancorp, the FDIC as Receiver for Citizens National Bank ("FDIC-R-Citizens"), the FDIC as Receiver for

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 6

Colonial Bank ("FDIC-R-Colonial"), the FDIC as Receiver for Eurobank, the FDIC as Receiver for First Banking Center, the FDIC as Receiver for First Dupage Bank, the FDIC as Receiver for Franklin Bank, S.S.B. ("FDIC-R-Franklin"), the FDIC as Receiver for Guaranty Bank ("FDIC-R-Guaranty"), the FDIC as Receiver for Horizon Bank, the FDIC as Receiver for Imperial Capital Bank, the FDIC as Receiver for Independent Bankers Bank, the FDIC as Receiver for Los Padres Bank, the FDIC as Receiver for Palos Bank &Trust Co., the FDIC as Receiver for Platinum Community Bank ("FDIC-R-Platinum"), the FDIC as Receiver for Prosperan Bank, the FDIC as Receiver for SCB Bank, the FDIC as Receiver for Security Savings Bank ("FDIC-R-Security"), the FDIC as Receiver for ShoreBank, the FDIC as Receiver for Statewide Bank, the FDIC as Receiver for Strategic Capital Bank ("FDIC-R-Strategic"), the FDIC as Receiver for United Western Bank, F.S.B. ("FDIC-R-UWB"), the FDIC as Receiver for USA Bank, the FDIC as Receiver for Venture Bank, and the FDIC as Receiver for Warren Bank (the FDIC in its capacity as receiver for each of the Failed Banks referred to as "FDIC-R"),1 on the one hand, and Bank of America Corporation, Banc of America Funding Corporation, Banc of America Securities LLC, Banc of America Mortgage Securities, Inc., Bank of America, N.A., NB Holdings, Inc., Countrywide Financial Corporation, Countrywide Securities Corporation, Countrywide Home Loans, Inc., CWMBS, Inc., CWALT, Inc., CWABS, Inc., CWHEQ, Inc., Countrywide Capital Markets, LLC, Merrill Lynch Mortgage Capital Inc., Merrill Lynch Mortgage Investors Inc., and Merrill Lynch, Pierce, Fenner &Smith Inc. (collectively, `BofA Entities"), on the other. Securities exchange act of 1934. United States v. Bank of America Corp., et al., No. 13-cv-446-MOC (W.D.N.C.), against Bank of America seeking a civil monetary penalty pursuant to the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1833a.

9. As the monetary damages, and loss incurred by the plaintiff of the actions of these parties, and as the damages of the ongoing mortgage loan scheme, and of these, as the plaintiff, and the records of the United States Courts in related legal matters do indicate that the 28

years of the scheme has been ongoing of the plaintiff, as the records of the internal revenue service and the identity theft documents are verified by letter dated December 5th, 2022. The monetary relief of the plaintiff, as the approximate amount of these false claims, of two hundred and fifty dollars per month, at 6% penalty these parties did access with the false claims and statements against the plaintiff and against other family members and associates of the plaintiff for the estimated amount of seventy-six thousand three hundred and twenty dollars, and as this is requested amount of treble the total amount of the monetary relief requested of the defendant's to be paid to the plaintiff is two hundred and twenty eight thousand nine hundred and sixty dollars, as this is the partial claim, as the third party claim the plaintiff does also request to make this for the joint debtor, as he is unaware and the facts of the scheme misrepresented to the joint debtor and as this and of these, it does indicate the joint debtor of the plaintiff in related matters of the United states courts, and as the joint debtor has remained in the possession and use of the property of the legal matter, whereby the plaintiff still has an interest, and as the third party complaint the amounts owed unto the joint debtor, if any, should be noted in this claim in order to stop the scheme that has remained ongoing on the property of the legal matter, as these parties did use the property and family history of the plaintiff to evade tax payments, and have attempted to place the blame upon the plaintiff and the plaintiff family and associates, as the request for injunction and mandamus relief is also of these requests of this complaint of this honorable court, and as these do come with all the honest intentions of the plaintiff, Heather Reece.

10. Certification and Closing

Under Federal Rule of Civil procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation: (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if

COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF - 8

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

A. For Parties without an attorney

B. I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Respectfully Submitted this 1st day of June 2023.

*Heather Reece*
Heather Reece, prose